**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEVON DECARLOS GLENN,

    Petitioner,

v.                                                              Case No. 14-CV-12987

THOMAS WINN,

    Respondent.
                                                     /

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

Petitioner Devon Decarlos Glenn, incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his plea-based conviction of armed robbery[1] and felonious assault.[2] He raises only one claim for relief in his petition, based on a purported *ex post facto* violation. In his Motion to Stay Writ of Habeas Corpus or Hold in Abeyance (Doc. # 15), Petitioner seeks leave to return to state court to exhaust an additional claim that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt, or admitted to by Petitioner, when scoring Offense Variable (OV) 7 of the Michigan Sentencing Guidelines. For the reasons stated below, the court will hold the petition in abeyance and will stay the proceedings to

---

    [1] Mich. Comp. Laws § 750.529.

    [2] Mich. Comp. Laws § 750.82.

permit Petitioner to return to the state courts to exhaust his claim. The court will also administratively close the case.

## I. BACKGROUND

Petitioner pled guilty to the above offenses in Jackson County Circuit Court and was sentenced to fifteen to thirty years in prison on the armed robbery conviction and eighteen months to four years on the felonious assault conviction.

The Michigan Court of Appeals issued an opinion vacating Petitioner's sentences, and remanding the case for resentencing after finding that 0 points should have been assessed for OV 7 under the Michigan Sentencing Guidelines. *People v. Glenn*, 814 N.W.2d 686, 688 (Mich. Ct. App. 2012).

The Jackson Country prosecutor filed an application for leave to appeal with the Michigan Supreme Court which was granted specifically to address "whether the trial court erroneously assessed 50 points for offense variable 7 (OV 7), MCL 777.37(1)(a), for committing assaultive acts beyond those necessary to commit the offense." *People v. Glenn*, 814 N.W.2d 294 (2012)(Mem).

The Michigan Supreme Court reversed the appellate court's decision, finding that OV 7 had been correctly scored at 50 points and remanded the case to the trial court for reinstatement of Petitioner's original sentence. *People v. Glenn*, 835 N.W.2d 340 (Mich. 2013).

## II. DISCUSSION

In addition to the *ex post facto/*due process claim raised in Petitioner's habeas brief, Petitioner in his reply brief and motion to hold his habeas petition in abeyance raises a claim that the judge violated his Sixth Amendment right to a jury trial by using

2

facts that had not been proven beyond a reasonable doubt or admitted to by Petitioner to assess 50 points under OV 7 of the Michigan Sentencing Guidelines. Petitioner did not raise this claim before the Michigan courts. In lieu of dismissing the petition without prejudice, the court will hold the instant petition in abeyance to permit Petitioner to return to the state courts to exhaust his second claim.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

Petitioner's new claim is unexhausted because Petitioner never raised this claim on his direct appeal. The instant petition is subject to dismissal. The court's only concern in dismissing the current petition involves the possibility that Petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of these issues in the state courts. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the Petitioner's claims in this court due to the expiration of the one year statute of limitations contained in the

Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The United States Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). Thus, a federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claim does not appear to be "plainly meritless." *Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Nor it does not appear that Petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 1535. To ensure that Petitioner does not delay in exhausting his state court remedies, the court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within

sixty days from the date of this Order. *See id.* Further, he must ask this court to lift the stay within sixty days after exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

### III. CONCLUSION

IT IS ORDERED that the habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. Petitioner must present his claims to the state court with sixty days of the date of this Order. Additionally, Petitioner must file a motion to lift the stay and an amended petition in this court within sixty days after the conclusion of the state court proceedings.

IT IS FURTHER ORDERED that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the court may order the Clerk to reopen this case for statistical purposes.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: September 27, 2016

5

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 27, 2016, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522
